(No. 61519.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. NEIL MUELLER, Appellant.

*Opinion filed November 21, 1985.—Rehearing denied February 4, 1986.*

Alexandra de Saint Phalle, of Londrigan, Potter & Randle, P.C., and J. H. Weiner, of Springfield, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Jill-Wine Banks, Solicitor General, and Mark L. Rotert and Joan G. Fickinger, Assistant Attorneys General, of Chicago, of counsel), for the People.

JUSTICE SIMON delivered the opinion of the court:

On April 17, 1982, defendant, Neil Mueller, shot and killed Art Pierson and his son, Roscoe, while on defendant's brother's farm in Scott County. Immediately following the shootings, defendant hoisted the bodies into his truck; he then picked up a pistol and a chainsaw that the Piersons had been carrying and placed them in the Piersons' truck which he found near the scene of the shooting. After moving their truck to a new location, the defendant returned to his own truck and transported the bodies to his farm, also located in Scott County. Once there, he placed both bodies in burlap bags and left them behind some crates in his hog-pit building. Several hours later, defendant returned to the hog-pit building, removed the bodies, and then drove to Cass County, where he deposited the bodies in Clear Creek.

Defendant was charged in Scott County with murdering both of the Piersons, but venue was transferred to Sangamon County on his motion. At trial, defendant admitted the shootings but claimed that he acted in self-defense. A jury acquitted him of the charges. Approximately 10 days later, defendant was charged by information in Cass County with one count of homicidal concealment. He was convicted after a bench trial and ordered to serve 30 months' probation and 100 days' periodic imprisonment and was fined $20 pursuant to the Crime Victims Compensation Act (Ill. Rev. Stat. 1981,

ch. 70, par. 71 *et seq.*). The appellate court affirmed his conviction. (130 Ill. App. 3d 385.) We granted his petition for leave to appeal (94 Ill. 2d R. 315(a)).

Defendant raises two issues on this appeal. He contends first that section 3—4(b)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, par. 3—4(b)(1)) bars the instant prosecution for homicidal concealment in Cass County because this charge should have been prosecuted together with the murder charges in the Scott County proceeding. Second, defendant argues that the homicidal-concealment prosecution is barred by principles of double jeopardy. We disagree with both of the defendant's contentions and affirm the judgment of the appellate court.

Section 3—4(b)(1) provides:

"(b) A prosecution is barred if the defendant was formerly prosecuted for a different offense, or for the same offense based upon different facts, if such former prosecution:

(1) Resulted in either a conviction or an acquittal, and the subsequent prosecution is for *an offense of which the defendant could have been convicted on the former prosecution;* or was for an offense with which the defendant should have been charged on the former prosecution, as provided in Section 3—3 of this Code (unless the court ordered a separate trial of such charge); or was for an offense which involves the same conduct, unless each prosecution requires proof of a fact not required on the other prosecution, or the offense was not consummated when the former trial began; \*\*\*." (Emphasis added.) Ill. Rev. Stat. 1981, ch. 38, par. 3—4(b)(1).

Defendant suggests that he engaged in a single course of homicidal concealment for which he "could have been convicted" in the Scott County murder prosecution. Thus, according to him, the concealment charge is now barred by the statute. The State counters that

the offense of dumping the bodies in Clear Creek in Cass County was wholly independent from the concealment of the bodies on defendant's farm in Scott County, that the Scott County State's Attorney had no power to prosecute an offense which occurred in Cass County, and that therefore defendant could not have been convicted of that concealment in the Scott County murder prosecution. The appellate court accepted the State's argument. We agree with the result reached by the appellate court but conclude on other grounds that section 3—4(b)(1) did not bar the second prosecution. We therefore do not pass upon the correctness of the appellate court's reasoning.

Defendant has assumed throughout that he "could have been convicted" of homicidal concealment within the meaning of section 3—4(b)(1) in the Scott County murder prosecution because the State's Attorney knew of all the acts of concealment and, at least arguably, could have prosecuted them. Since the State's Attorney did not do so, defendant argues that the concealment charge is now barred. In effect, defendant would read the statute as stating a rule that a prosecutor must join all related charges of which he is aware in a single prosecution or find them foreclosed by section 3—4(b)(1). Defendant's reading not only misconceives the purpose of this statute, but would radically extend the compulsory-joinder scheme established by the legislature.

The central purpose of section 3—4 of the Criminal Code of 1961 was to codify the rules of double jeopardy. (Ill. Ann. Stat., ch. 38, par. 3—4, Committee Comments, at 214 (Smith-Hurd 1972).) The prohibition in the first clause of section 3—4(b)(1) against a subsequent prosecution for a "different offense" of which the accused "could have been convicted" in an earlier prosecution does no more than restate the established double jeopardy principle that acquittal or conviction of one offense bars a later prosecution for a lesser included offense.

(See Ill. Ann. Stat., ch. 38, par. 3—4, Committee Comments, at 217 (Smith-Hurd 1972); *People v. Dugas* (1923), 310 Ill. 291.) Thus, the language upon which defendant relies refers not to all other charges which could have been, but were not, joined in the initial prosecution, but only those of which he was actually in peril of being convicted in the murder trial. (See *People v. Harrison* (1946), 395 Ill. 463, 469; *cf. People v. Albanese* (1984), 104 Ill. 2d 504 (rejecting the contention that the first clause of section 3—4(b)(1) barred successive prosecutions for two related murders involving virtually the same evidence).) Since, as is explained hereafter, homicidal concealment is not a lesser included offense of murder for double jeopardy purposes, defendant could not have been convicted of concealment in the murder prosecution, and therefore nothing in the first clause of section 3—4(b)(1) requires or even suggests that they be prosecuted together.

That the first clause of section 3—4(b)(1) does not mandate the joinder of different offenses in a single prosecution is not surprising inasmuch as the second clause explicitly "give[s] effect to the compulsory-joinder provisions" of the Code. (Ill. Ann. Stat., ch. 38, par. 3—4, Committee Comments, at 217 (Smith-Hurd 1972).) The second clause bars a subsequent prosecution when the first prosecution "was for an offense with which the defendant *should have been charged* on the former prosecution, as provided in Section 3—3 of this Code ***." (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 38, par. 3—4(b)(1).) Clearly, it is this clause detailing which offenses must be "charged" which addresses the problem of joinder; defendant's suggestion that the first clause states a compulsory-joinder rule would render meaningless this provision of the statute, as well as section 3—3, a result precluded by recognized principles of statutory construction.

The second clause requires us to turn to the joinder provisions of section 3—3 to determine whether the homicidal-concealment prosecution is barred. That section provides in relevant part:

"Sec. 3—3. Multiple Prosecutions for Same Act.

(a) When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense.

(b) If the several offenses are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution, except as provided in Subsection (c), *if they are based on the same act*." (Emphasis added.) Ill. Rev. Stat. 1981, ch. 38, par. 3—3.

No one disputes that in this case the Scott County State's Attorney knew of two offenses, murder and homicidal concealment. The statute, however, does not require that the murder and concealment charges be prosecuted together unless they were "based on the same act." The murder and the concealment here were accomplished by independent overt acts constituting different offenses. The acts of shooting the Piersons underlay the murder charges; the concealment offense was grounded in defendant's acts secreting the victims' bodies subsequent to the shootings.

The fact that the shootings and the acts of concealment were related is irrelevant. There is no requirement of joinder where multiple offenses arise from a series of related acts. (*People v. Griffin* (1967), 36 Ill. 2d 430, 433-34; *People v. Patete* (1980), 91 Ill. App. 3d 655; *People v. Whitlow* (1977), 48 Ill. App. 3d 425.) "Section 3—3 is not intended to cover the situation in which several offenses *** arise from a series of acts which are closely related with respect to the offender's single purpose or plan." (Ill. Ann. Stat., ch. 38, par. 3—3, Committee Com-

ments, at 202 (Smith-Hurd 1972).) Indeed, the drafters considered and rejected an earlier version of section 3—3(b) which would have required a single prosecution when multiple offenses arose from the same "conduct" (Ill. Ann. Stat., ch. 38, par. 3—3, Committee Comments, at 201 (Smith-Hurd 1972)); the term "conduct" could, of course, refer to a series of acts (Ill. Rev. Stat. 1981, ch. 38, par. 2—4; see *People v. Griffin* (1967), 36 Ill. 2d 430, 433-34). The purpose of this section as enacted was to preclude successive prosecutions where more than one person was injured by a single act of the accused, such as setting off an explosive. Ill. Ann. Stat., ch. 38, par. 3—3, Committee Comments, at 201 (Smith-Hurd 1972); *People v. Crabtree* (1980), 82 Ill. App. 3d 87.

Because the murder and concealment charges were based on separate acts, the compulsory-joinder statute did not require prosecution of both offenses in the same proceeding. Thus, section 3—4(b)(1) did not operate to bar the Cass County prosecution.

Defendant also asserts that his conviction for homicidal concealment violates his constitutional protection against double jeopardy on two grounds. He first contends that his various acts of concealing the Piersons' bodies in the two counties constituted a single continuing offense which the State has unconstitutionally "carved up" in contravention of *Brown v. Ohio* (1977), 432 U.S. 161, 53 L. Ed. 2d 187, 97 S. Ct. 2221.

In *Brown*, the defendant was prosecuted for auto theft after previously being convicted of the offense of joyriding arising out of the same incident in another part of the State. The Supreme Court found that, for double jeopardy purposes, auto theft and joyriding constituted the same offense. The court therefore held the State could not subvert the double jeopardy guarantee by dividing up what was essentially a single continuing offense into a series of temporal or spatial units in order

to prosecute defendant twice.

Even if, as defendant maintains, the offense of concealment here was continuing in nature, his argument fails. The double jeopardy clause merely guarantees against two prosecutions for the same offense. (*Illinois v. Vitale* (1980), 447 U.S. 410, 415-16, 65 L. Ed. 2d 228, 235, 100 S. Ct. 2260, 2264-65.) It provides that no "person [shall] be subject for the same offense to be *twice put in jeopardy* of life or limb \*\*\*." (Emphasis added.) (U.S. Const., amend. V.) Defendant here has not been twice put in jeopardy for the offense of homicidal concealment. Inasmuch as there was no former prosecution for concealment in Scott County, defendant's double jeopardy right has not been violated.

Defendant also submits that his double jeopardy right was infringed when the same evidence of concealment was adduced in both the murder prosecution and the concealment prosecution. He argues that under the doctrine of *People v. Zegart* (1980), 83 Ill. 2d 440, the State could not try him for homicidal concealment because it had previously relied on evidence of the concealment to prove his intent to commit murder.

This argument is based upon an erroneous view of the nature of the double jeopardy protection afforded by the Constitution. Double jeopardy is implicated only in two situations: a second prosecution after acquittal or conviction for the same offense and multiple punishments for the same offense. (*Illinois v. Vitale* (1980), 447 U.S. 410, 415-16, 65 L. Ed. 2d 228, 235, 100 S. Ct. 2260, 2264; *People v. Hoffer* (1985), 106 Ill. 2d 186, 197.) Except when there is a question of collateral estoppel (see *Ashe v. Swenson* (1970), 397 U.S. 436, 25 L. Ed. 2d 469, 90 S. Ct. 1189), a substantial overlap in the proof introduced at different prosecutions is irrelevant for double jeopardy purposes as long as the offenses charged are distinct (*Iannelli v. United States* (1975), 420 U.S.

770, 785 n.17, 43 L. Ed. 2d 616, 627 n.17, 95 S. Ct. 1284, 1293-94 n.17). In this case defendant does not suggest that the concealment issue was resolved in the first prosecution, and so collateral estoppel does not apply. Because the offenses for which defendant has been prosecuted are distinct, his second double jeopardy argument must also be rejected.

The double jeopardy inquiry generally focuses on the statutory elements of the offenses charged. (*Illinois v. Vitale* (1980), 447 U.S. 410, 416, 65 L. Ed. 2d 228, 235, 100 S. Ct. 2260, 2265.) "[T]he test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." (*Blockburger v. United States* (1932), 284 U.S. 299, 304, 76 L. Ed. 306, 309, 52 S. Ct. 180, 182; *Illinois v. Vitale* (1980), 447 U.S. 410, 416, 65 L. Ed. 2d 228, 235, 100 S. Ct. 2260, 2265.) In this case, the elements of each offense are wholly distinct. Murder requires (i) a killing without lawful justification performed (ii) with the intent to kill or do great bodily harm, or with knowledge of a strong likelihood that the acts will result in death or great bodily harm, or while attempting or committing another forcible felony. (Ill. Rev. Stat. 1981, ch. 38, par. 9—1(a).) Homicidal concealment requires (i) an affirmative act of concealing a death and (ii) knowledge that the person died by homicidal means. (Ill. Rev. Stat. 1981, ch. 38, par. 9—3.1; *People v. Stiles* (1977), 46 Ill. App. 3d 359, 363.) Since the offenses require different acts as well as different states of mind, each requires proof of a fact the other does not, and therefore murder and homicidal concealment are clearly not the same offense under the *Blockburger* test.

It is true that, in limited circumstances, the *Blockburger* test has been expanded so that courts may look beyond the face of the statutes involved to the elements actually necessary to establish the charges to determine

whether double jeopardy principles have been violated. Thus, in *Harris v. Oklahoma* (1977), 433 U.S. 682, 53 L. Ed. 2d 1054, 97 S. Ct. 2912, the Supreme Court held that a prior conviction for felony murder based on a robbery barred a subsequent prosecution for the robbery itself. As the court later explained in *Illinois v. Vitale* (1980), 447 U.S. 410, 420, 65 L. Ed. 2d 228, 238, 100 S. Ct. 2260, 2267, the felony-murder statute "on its face did not require proof of a robbery to establish felony murder; other felonies could underlie a felony-murder prosecution." However, since robbery was the element actually necessary to prove felony murder in that case, it was treated as "a species of lesser-included offense." 447 U.S. 410, 420, 65 L. Ed. 2d 228, 238, 100 S. Ct. 2260, 2267.

The court in *Vitale* went on to apply the *Harris* rule to a situation involving successive prosecutions for failure to reduce speed and manslaughter by automobile. The court stated that if the failure to reduce speed was a "necessary element" in the manslaughter prosecution, the defendant might have a substantial double jeopardy claim. (447 U.S. 410, 420, 65 L. Ed. 2d 228, 238, 100 S. Ct. 2260, 2267.) Expressly relying on *Vitale*, this court held in *People v. Zegart* (1980), 83 Ill. 2d 440, that double jeopardy prohibited prosecutions for both driving across a median and manslaughter.

Defendant apparently contends that *Vitale* and *Zegart* have so far eroded the *Blockburger* test's focus on the statutory elements of the offenses as to rob *Blockburger* of any further vitality. He in effect claims that the double jeopardy inquiry now ignores the elements of the offenses and turns on whether the same evidence is actually introduced at the two prosecutions. Neither *Vitale* nor *Zegart*, departed, however, from the rule consistently applied from *Blockburger* through *Harris* which centers on the elements of the offenses, not the evidence

introduced. In *Harris* and again in *Vitale*, the court made clear that double jeopardy was violated only when the less serious offense was a necessary element of the other. Indeed *Vitale* specifically reaffirmed *Blockburger* and recognized that "the *Blockburger* test focuses on the proof necessary to prove the *statutory elements* of each offense, rather than on the actual evidence to be presented at trial." (Emphasis added.) (447 U.S. 410, 416, 65 L. Ed. 2d 228, 235, 100 S. Ct. 2260, 2265.) Defendant would have us transmute the double jeopardy inquiry from whether the two offenses were the same to whether the evidence overlapped. Because *Zegart* did not even mention the established double jeopardy test, it is clear that *Zegart* was not designed to abandon it.

As discussed above, defendant's claim fails under the traditional *Blockburger* rule since, on the face of the statutory provisions, each offense requires proof of a fact the other does not. Moreover, even looking beyond the face of these provisions, homicidal concealment is not a *Harris*-type lesser included offense. Unlike the robbery charge in *Harris*, homicidal concealment would not be automatically established by a conviction for murder. Homicidal concealment is not "an offense consisting *solely* of one or more of the elements" of murder. (Emphasis added.) (*Illinois v. Vitale* (1980), 447 U.S. 410, 421, 65 L. Ed. 2d 228, 238, 100 S. Ct. 2260, 2267.) Rather, it requires proof that defendant actively concealed deaths and that he knew the deaths were homicidal, both facts not necessary to establish murder. The fact that such proof might have been relevant to defendant's intent in the murder prosecution does not make homicidal concealment a necessary element of the murder charge; indeed, the evidence of concealment was not even "necessary," since intent to murder could have been established merely by the fact that defendant actually shot the victims. Because the two prosecutions were

for offenses comprised of distinct elements, the defendant has not been deprived of his double jeopardy rights.

The judgment of the appellate court is affirmed.

*Judgment affirmed.*