THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
KENNETH TOTTEN, Defendant-Appellee.

Second District   No. 84—0686

Opinion filed April 10, 1986.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Barbara A.
Preiner and Diana Fischer-Woods, Assistant State's Attorneys, and William
L. Browers, of State's Attorneys Appellate Service Commission, of coun-
sel), for the People.

G. Joseph Weller and Paul J. Glaser, both of State Appellate Defender's
Office, of Elgin, for appellee.

JUSTICE SCHNAKE delivered the opinion of the court:
The State appeals from the dismissal by the circuit court of Du
Page of the indictment charging defendant, Kenneth Totten, with ag-
gravated battery. The trial court's dismissal was based on double jeop-
ardy grounds.

Defendant had been tried and convicted for the crimes of rape,
deviate sexual assault, home invasion, armed robbery, aggravated kid-
naping and aggravated battery. At the sentencing hearing held on
March 22, 1984, after sentence was imposed, defendant struck the
prosecutor in the face with his fist, for which he was sentenced to six
months' incarceration for the offense of direct contempt of court, in
addition to the 60-year sentence already imposed.

On March 27, 1984, a four-count indictment was filed against
defendant. The first two counts alleged that defendant had committed
aggravated battery by striking Mary Elizabeth O'Connor in the face
with his hand within the Du Page County Courthouse. The other two

counts alleged that defendant had committed the same offense by striking Dolores M. Weinhandl. The only reference in the record to the second charge was that the assistant State's Attorney informed the trial judge that the basis of the indictment arose out of the same occurrence for which defendant had earlier been found in contempt of court by Judge Charles R. Norgle.

Defendant then filed a motion to dismiss on double jeopardy grounds, alleging that the finding of contempt was based on the same acts as those contained in the subsequent indictment. Pursuant to the authority of *People v. Gray* (1977), 69 Ill. 2d 44, *cert. denied* (1978), 435 U.S. 1013, 56 L. Ed. 2d 395, 98 S. Ct. 1887, the court granted defendant's motion. The question raised by this appeal is whether the finding of contempt of court and imposition of sentence therefor, bars a subsequent indictment based on the same conduct.

The constitutional prohibition of double jeopardy protects a defendant from prosecution of an offense after acquittal or conviction of the same offense and prohibits multiple punishments for the same offense. (*Illinois v. Vitale* (1980), 447 U.S. 410, 415, 65 L. Ed. 2d 228, 235, 100 S. Ct. 2260, 2264; *People v. Hoffer* (1985), 106 Ill. 2d 186, 197.) The State argues that the summary contempt powers of the court do not involve a prosecution and that this distinction is crucial, even though identical conduct is involved. The State further argues that since the *Gray* case, relied upon by the trial court, involved indirect contempt, the court misapplied *Gray* to the present proceeding, which concerned direct contempt.

Defendant argues, however, that it is the protection against multiple punishments which is in question in the present case and that the distinction between direct and indirect contempt is insignificant. We disagree.

The Illinois Supreme Court defined the issue in *Gray* as whether the constitutional guarantees against double jeopardy prohibit criminal prosecution for aggravated battery and attempted murder after a finding and punishment for *indirect* criminal contempt of court based on the same conduct. (*People v. Gray* (1977), 69 Ill. 2d 44, 47.) The issue was similarly defined by the appellate court in *People v. Gray* (1976), 36 Ill. App. 3d 720, 721, which decision was affirmed by the supreme court. Although defendant argues that the State's reliance on *United States v. Rollerson* (D.C. Cir. 1971), 449 F.2d 1000, and *United States v. Mirra* (S.D. N.Y. 1963), 220 F. Supp. 361, is misplaced in the present case because the Illinois Supreme Court rejected the reasoning of these cases in *Gray*, we do not recognize the validity of that assertion. In both *Rollerson* and *Mirra* the courts held that a

criminal prosecution is not barred by double jeopardy by reason of an earlier *summary* finding of contempt based on the same conduct. The contempt findings in those cases were based on conduct very similar to that involved here. In *Rollerson* defendant threw a pitcher of water at the prosecution, and in *Mirra* defendant threw a chair at the prosecutor. It is true, as defendant claims, that the majority of the Illinois Supreme Court in *Gray* did not discuss these cases and that it is only in Justice Ryan's dissent that there is any reference to them. Nevertheless, we emphatically note that those cases were discussed and *distinguished* in the appellate opinion in *Gray*. The appellate court noted that it was the fact that in the Federal cases the contemnors were summarily punished and that there was no possibility of successive trials which distinguished those cases from *Gray* even though *dual punishment was involved.* (See *People v. Gray* (1976), 36 Ill. App. 3d 720, 725.) The opinion further notes that in *Rollerson* the power of a court to punish for summary contempt was seen as *crucial* to a determination of the double jeopardy issue and quoted the *Mirra* court's reference to the totally different procedure involved in the punishment of criminal contempt committed in the court's presence, as in the present case, in contrast to a criminal contempt committed against an order of the court, as in *Gray*. With this background in mind, our supreme court's framing of the issue in *Gray* as one involving indirect contempt is highly significant. While it may be correct that our supreme court's affirmance of the appellate court's decision in *Gray* does not necessarily mean that the supreme court was in agreement with the appellate court's discussion and distinction of *Mirra* and *Rollerson,* it cannot be said that the supreme court rejected these cases as defendant argues, nor does any reason appear why we should not apply the reasoning of those cases to the facts of the instant case.

Since this case was concerned with a nonadversarial summary contempt proceeding, no possibility of successive prosecutions is involved. We recognize that the power of the court to punish for summary contempt does encompass dual punishment of the same acts. As an alternative treatment, as argued by the State, credit for time already served pursuant to the contempt finding could be granted against any further imprisonment imposed for the aggravated battery offense. See *Ohio v. Johnson* (1984), 467 U.S. 493, 81 L. Ed. 2d 425, 104 S. Ct. 2536.

The parties also dispute the court's dismissal of counts three and four of the indictment charging defendant with the offenses of aggravated battery against Dolores Weinhandl. The indictment, as well as

the assistant State's Attorney's statement contained in the record, indicate that the basis of the indictment concerning Weinhandl arose out of the same occurrence for which defendant was found in contempt of court. Therefore, the above reasoning which concludes that the trial court erred in dismissing the indictment against defendant for the aggravated battery of Mary Elizabeth O'Connor would also support a similar conclusion as to the charges relating to Weinhandl. If, in fact, the aggravated battery of Weinhandl did not involve the same occurrence for which defendant was held in contempt, the case is even stranger, since double jeopardy principles would not be an issue.

For the reasons stated, the trial court erred in relying on *Gray* to dismiss all counts of the indictment against defendant on double jeopardy grounds. The authority relied upon by the State in *Rollerson* and *Mirra* is persuasive as well as in consonance with our supreme court's holding in *Gray*. Based on the foregoing analysis, the decision of the trial court is reversed and the case remanded for trial.

Reversed and remanded.

NASH, P.J., and UNVERZAGT, J., concur.