(No. 63520.—
(No. 63531.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. KENNETH TOTTEN, Appellant.—THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. MAX C. GARTNER, Appellee.

*Opinion filed October 5, 1987.*

CUNNINGHAM, J., took no part.

G. Joseph Weller, Deputy Defender, and Paul J. Glaser, Assistant Defender, of the Office of the State Appellate Defender, of Elgin, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Roma J. Stewart, Solicitor General, and Mark L. Rotert and Jack Donatelli, Assistant Attorneys General, of Chicago, of counsel), for the People.

Neil F. Hartigan, Attorney General, of Springfield, and Dennis Schumacher, State's Attorney, of Oregon (Roma J. Stewart, Solicitor General, and Mark L. Rotert and Jack Donatelli, Assistant Attorneys General, of Chicago, and Kenneth R. Boyle, William L. Browers and Howard R. Wertz, of the State's Attorneys Appellate Service Commission, of Elgin, of counsel), for the People.

No appearance for appellee.

JUSTICE MORAN delivered the opinion of the court:

In cause No. 63520, the defendant, Kenneth Totten, was summarily found in direct criminal contempt and sentenced to six months' imprisonment for striking the

assistant State's Attorney at his sentencing hearing following his conviction on charges unrelated to this appeal. Five days later, a Du Page County grand jury indicted defendant, charging him with four counts of aggravated battery. The circuit court granted defendant's motion to dismiss the indictment on the basis of double jeopardy, and the State appealed. The appellate court reversed and remanded (143 Ill. App. 3d 132), and this court allowed defendant's petition for leave to appeal pursuant to Rule 315 (107 Ill. 2d R. 315).

In cause No. 63531, the defendant, Max C. Gartner, was charged by information in Ogle County with aggravated battery for striking and kicking his wife, Linda Gartner, in the face. Thereafter, the circuit court of Winnebago County found that defendant had violated the order of protection it had previously entered in defendant's pending action for dissolution of marriage, adjudged him in contempt and sentenced him to 30 days in the Winnebago County jail. Defendant subsequently moved to dismiss the Ogle County information on the basis of double jeopardy. The circuit court dismissed the information, and the State appealed. The appellate court affirmed, relying on this court's decision in *People v. Gray* (1977), 69 Ill. 2d 44, *cert. denied* (1978), 435 U.S. 1013, 56 L. Ed. 2d 395, 98 S. Ct. 1887. (143 Ill. App. 3d 113.) We allowed the State's petition for leave to appeal under Rule 315 (107 Ill. 2d R. 315). Since each case involves a similar issue, they have been consolidated for disposition.

The issue to be resolved is whether the protection against double jeopardy precludes a criminal prosecution for aggravated battery based upon the same conduct for which the defendant has been previously adjudged in criminal contempt. We are also asked to consider whether this court's holding in *People v. Gray* (1977), 69 Ill. 2d 44, *cert. denied* (1978), 435 U.S. 1013, 56 L. Ed. 2d 395, 98 S. Ct. 1887, should be overruled.

In cause No. 63520, the defendant was found guilty of rape, deviate sexual assault, home invasion, armed robbery, aggravated kidnaping and aggravated battery following a bench trial before Judge Charles R. Norgle in the circuit court of Du Page County. On March 22, 1984, Judge Norgle sentenced defendant to 60 years' imprisonment.

The record indicates that after the judge imposed sentence, he stated:

> "Let the record show that after the Court imposed the sentence, the defendant struck the prosecutor in the face with his fist, and the Court observed the act, and the defendant is sentenced to six months for the offense of direct contempt of Court in addition to the 60 year sentence imposed by the Court.
>
> Sixty years plus six months. That's all."

Thereafter, on March 27, 1984, the grand jury returned an indictment charging defendant with four counts of aggravated battery. Counts I and II of the indictment alleged that while Assistant State's Attorney Mary Elizabeth O'Connor was in the Du Page County courthouse, defendant struck her in the face with his hand in violation of section 12—4(b)(8) of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par. 12—4(b)(8)). Counts III and IV alleged that on the same date and at the same location, defendant struck Delores M. Weinhandl, a peace officer engaged in the exercise of her official duties, in violation of sections 12—4(b)(6) and 12—4(b)(8) of the Criminal Code (Ill. Rev. Stat. 1983, ch. 38, pars. 12—4(b)(6), 12—4(b)(8)). The State claims that the charges in counts III and IV of the indictment arose from the same occurrence for which defendant was adjudged in contempt before Judge Norgle.

Defendant moved to dismiss the indictment on double jeopardy grounds. He argued that a prosecution for aggravated battery following, and arising out of, an adjudi-

cation of direct criminal contempt would violate the double jeopardy clauses of both the United States and Illinois Constitutions. (U.S. Const., amend. V; Ill. Const. 1970, art. I, sec. 10.) The circuit court, concluding that this court's decision in *People v. Gray* (1977), 69 Ill. 2d 44, *cert. denied* (1978), 435 U.S. 1013, 56 L. Ed. 2d 395, 98 S. Ct. 1887, was dispositive, ruled that it had no recourse but to dismiss the indictment, and the State appealed. The appellate court reversed, concluding that: "[s]ince this case was concerned with a nonadversarial summary contempt proceeding, no possibility of successive prosecutions is involved. We recognize that the power of the court to punish for summary contempt does encompass dual punishment of the same acts." 143 Ill. App. 3d 132, 134.

Criminal contempt is, itself, a crime. "Criminally contemptuous conduct may violate other provisions of the criminal law." (*Bloom v. Illinois* (1968), 391 U.S. 194, 201, 20 L. Ed. 2d 522, 528, 88 S. Ct. 1477, 1481.) Nevertheless, the State's power to prosecute and punish such conduct after a finding of direct criminal contempt is subject to constitutional limitations.

The fifth amendment to the Constitution of the United States provides that "No person shall *** be subject for the same offence to be twice put in jeopardy of life or limb ***." (U.S. Const., amend. V.) Similarly, article I, section 10, of the Illinois Constitution provides that "No person shall *** be twice put in jeopardy for the same offense." (Ill. Const. 1970, art. I, sec. 10.) In *North Carolina v. Pearce* (1969), 395 U.S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072, the Supreme Court recognized that the double jeopardy clause embodies three distinct constitutional safeguards:

"It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it pro-

tects against multiple punishments for the same offense."
(395 U.S. 711, 717, 23 L. Ed. 2d 656, 664-65, 89 S. Ct.
2072, 2076.)

Defendant stresses that he does not contend that his prosecution is barred by the prohibition against successive prosecutions for the same offense. Rather, he argues that a prosecution for aggravated battery is barred by the double jeopardy clause because it would place him in jeopardy of being punished once again for the identical conduct for which he has already been adjudged in direct criminal contempt and sentenced to six months.

Initially, we note that this cause is on appeal from an order dismissing an indictment which followed a previous finding of criminal contempt. Whether this case is characterized as one implicating the protection against successive prosecutions or as one implicating the protection against multiple punishments, the relevant inquiry is whether direct criminal contempt and aggravated battery are the "same offense" for purposes of the double jeopardy clause. Defendant urges this court to apply the "same evidence" test articulated in People v. Gray (1977), 69 Ill. 2d 44, cert. denied (1978), 435 U.S. 1013, 56 L. Ed. 2d 395, 98 S. Ct. 1887, to determine whether criminal contempt and aggravated battery are the same offense. The State, on the other hand, maintains that Gray has been overruled sub silentio by later decisions.

"Direct criminal contempt is contemptuous conduct occurring 'in the very presence of the judge, making all of the elements of the offense matters within his own personal knowledge.' (People v. Harrison (1949), 403 Ill. 320, 323-24.)" (People v. L.A.S. (1986), 111 Ill. 2d 539, 543.) "This court has defined criminal contempt of court 'as conduct which is calculated to embarrass, hinder or obstruct a court in its administration of justice or derogate from its authority or dignity, thereby bringing the administration of law into disrepute.' " (111 Ill. 2d 539,

543.) Consequently, direct criminal contempt is an offense against the court. Nevertheless, other courts have found that conduct which constitutes direct criminal contempt may also constitute a violation of the criminal law. *United States v. Rollerson* (D.C. Cir. 1971), 449 F.2d 1000, 1004; *United States v. Mirra* (S.D.N.Y. 1963), 220 F. Supp. 361, 365.

In *Mirra,* the defendant, while under cross-examination, threw the witness chair at the assistant United States Attorney. The district court summarily found the defendant in direct criminal contempt and sentenced him to one year's imprisonment. A Federal grand jury then indicted the defendant, charging him with assaulting a Federal officer engaged in the performance of his official duties. The district court denied defendant's motion to dismiss the indictment, noting that contemptuous conduct can be an offense against the laws of the United States as well as against the court's jurisdiction. (220 F. Supp. 361, 365.) The court found that an anomalous result would follow if contempt proceedings barred a subsequent criminal prosecution:

> "To permit a defendant to escape the consequences of his contumacy via the Double Jeopardy route would be to countenance a state of affairs where judges could become ineffectual in restoring judicial decorum for fear that a contempt conviction would raise a constitutional bar to a subsequent prosecution of the same act." (220 F. Supp. 361; 365-66.)

In addition, the court observed that a criminal prosecution predicated upon the same conduct for which the defendant has previously been found in contempt does not offend the policy underlying the double jeopardy clause. The court quoted Mr. Justice Brennan's separate opinion in *Abbate v. United States* (1959), 359 U.S. 187, 3 L. Ed. 2d 729, 79 S. Ct. 666: " 'The basis of the Fifth Amendment protection against double jeopardy is that a

person shall not be harassed by successive trials; that an accused shall not have to marshal the resources and energies necessary to his defense more than once for the same alleged criminal acts.'" (*United States v. Mirra* (S.D.N.Y. 1963), 220 F. Supp. 361, 366, quoting *Abbate v. United States* (1959), 359 U.S. 187, 198-99, 3 L. Ed. 2d 729, 736, 79 S. Ct. 666, 673 (Brennan, J., separate opinion).) Summary proceedings for direct contempt, the court noted, do not implicate this consideration because the contemnor does not face an adversary proceeding for his contempt. Instead, the first and only trial-type harassment the contemnor faces is the subsequent criminal prosecution.

In *Rollerson*, the defendant, who was on trial for armed robbery, threw a water pitcher at the assistant United States Attorney, hitting him in the shoulder. The district court summarily adjudged the defendant in direct criminal contempt and sentenced him to one year's imprisonment to be served consecutively to his sentence for armed robbery. Thereafter, a Federal grand jury indicted the defendant, charging him with assault with a dangerous weapon and assault upon a Federal officer engaged in the performance of his official duties. Following a jury trial, the defendant was found guilty and sentenced to one to three years on each offense to run concurrently with one another but consecutively to the sentence for contempt. The United States Court of Appeals for the District of Columbia affirmed the defendant's conviction, relying upon *United States v. Mirra*. We find the reasoning of the courts in *United States v. Mirra* and *United States v. Rollerson* persuasive. Like the defendants in *Mirra* and *Rollerson*, defendant has been convicted and sentenced for his offense against the court. His contemptuous conduct also violated the Criminal Code's proscriptions against aggravated battery. However, like the defendants in *Mirra* and *Rollerson*,

defendant has not yet been called upon to "marshal the resources and energies necessary to his defense" of the aggravated battery charges. Accordingly, we hold that a prosecution for aggravated battery following and arising out of an adjudication of direct criminal contempt does not offend the double jeopardy clause of either the United States Constitution or of the Illinois Constitution. For these reasons, the judgment of the appellate court in cause No. 63520 is affirmed.

In addition, we note that the appellate court stated that "credit for time already served pursuant to the contempt finding could be granted against any further imprisonment imposed for the aggravated battery offense." (143 Ill. App. 3d 132, 134.) We do not believe such credit is necessary. As already noted, the double jeopardy clause affords the defendant protection against multiple punishments for the same offense. (*North Carolina v. Pearce* (1969), 395 U.S. 711, 717, 23 L. Ed. 2d 656, 665, 89 S. Ct. 2072, 2076.) We have concluded, however, that aggravated battery and direct criminal contempt do not constitute the same offense for double jeopardy purposes. Consequently, should defendant be convicted and sentenced to imprisonment for aggravated battery upon remand, there is no constitutional requirement that he be allowed credit for time served on the contempt finding.

In cause No. 63531, the defendant was named as the respondent in an *ex parte* order of protection entered by the circuit court of Winnebago County in a pending action for dissolution of marriage. That order, which was entered pursuant to section 208 of the Illinois Domestic Violence Act (Ill. Rev. Stat. 1983, ch. 40, par. 2302—8), enjoined Gartner from striking, threatening, harassing or interfering with the personal liberty of his wife, from entering her home, and from initiating or attempting to initiate contact with her. On the night of January 2, 1984, defendant attacked his wife in Rochelle, Ogle County,

striking and kicking her in the face. The next day, he was charged by information in Ogle County with aggravated battery. Ill. Rev. Stat. 1983, ch. 38, par. 12—4(a).

Following a hearing on January 6, 1984, at which defendant was not represented by counsel, the circuit court of Winnebago County found that he had violated its protective order and adjudged him in contempt. Defendant then retained counsel and moved for a new hearing and to have the court reconsider its finding of contempt. On January 13, 1984, the court held a new hearing. After hearing the evidence and argument, the court again found that defendant had violated the order of protection, reinstated its previous order to that effect and sentenced him to serve 30 days in the Winnebago County jail.

On February 16, 1984, defendant moved to dismiss the Ogle County information. In support of his motion, he alleged that the aggravated battery charge was based upon the same facts and conduct for which the circuit court of Winnebago County had previously adjudged him in criminal contempt. Consequently, he argued that the prosecution for aggravated battery was barred by the double jeopardy clause of the fifth amendment. (U.S. Const., amend. V.) The contempt order did not set forth the factual basis for its finding that defendant had violated its protective order. The transcripts of the contempt hearings were not presented to the court at the hearing on his motion to dismiss the information and are not included in the record before us. At that hearing, defendant's counsel stated that he had represented defendant at the contempt proceedings before the circuit court of Winnebago County, and that at that time the court heard evidence concerning the incident underlying the pending aggravated battery charge. The State stipulated to defendant's counsel's account of the facts involved in the contempt proceedings. The court dismissed the information and the State ap-

pealed. The appellate court affirmed, holding that since the State intended to introduce the same evidence to prove a necessary element of aggravated battery as had previously been introduced to prove the contempt, namely the hitting and kicking of his wife, the prosecution for aggravated battery was barred by the protection against double jeopardy. 143 Ill. App. 3d 113, 121.

First, we note that defendant did not file an appellee's brief either in the appellate court or in this court. The record indicates that he filed a motion for appointment of counsel in this court. We denied that motion without prejudice to establish indigency by filing a proper affidavit of indigency with the clerk of this court. Since defendant failed to file an affidavit or retain counsel, he is not represented before this court. Nevertheless, we will consider this appeal, as the appellate court did, pursuant to *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128.

The State submits, as it did in cause No. 63520, that the "same evidence" test applied in *People v. Gray* (1977), 69 Ill. 2d 44, *cert. denied* (1978), 435 U.S. 1013, 56 L. Ed. 2d 395, 98 S. Ct. 1887, has effectively been overruled by the Supreme Court's decision in *Illinois v. Vitale* (1980), 447 U.S. 410, 65 L. Ed. 2d 228, 100 S. Ct. 2260, and this court's later decision in *People v. Mueller* (1985), 109 Ill. 2d 378. The appellate court, however, concluded that *Gray's* "same evidence" test is still viable.

The facts of this case are virtually indistinguishable from those in *Gray*. There, the defendant was subject to a protective order in a divorce proceeding which enjoined him from striking or molesting his wife. Notwithstanding this order, the defendant struck his wife with a gun and then shot her. Following a hearing, defendant was adjudged in willful contempt of court and sentenced to six months' imprisonment. He was subsequently convicted of aggravated battery based on the same conduct.

The majority of this court set forth the following test to determine whether the two offenses constituted the "same offense" for double jeopardy purposes: "Would the same evidence sustain the proof of each offense?" (*People v. Gray* (1977), 69 Ill. 2d 44, 49.) Applying this test, the majority noted that both the contempt finding and the aggravated battery conviction were based on the same conduct. (69 Ill. 2d 44, 52.) The majority then concluded that the defendant had been prosecuted and punished twice for the same offense. 69 Ill. 2d 44, 52.

This court most recently addressed the question of whether two crimes constitute the same or separate offenses for double jeopardy purposes in *People v. Mueller* (1985), 109 Ill. 2d 378. Although the court did not discuss *Gray* in *Mueller*, it rejected the "same evidence" test formulated in *Gray*.

In *Mueller*, the defendant was convicted of concealment of a homicidal death after he had been acquitted of murder. Defendant argued that his conviction for homicidal concealment was barred on double jeopardy grounds because the State had relied on the same evidence of concealment to prove intent in the prior prosecution for murder. (109 Ill. 2d 378, 387.) Without dissent, the court rejected that argument, noting that "[e]xcept when there is a question of collateral estoppel *** a substantial overlap in the proof introduced at different prosecutions is irrelevant for double jeopardy purposes as long as the offenses charged are distinct." (109 Ill. 2d 378, 387.) Instead, the court stated the test for determining whether two offenses arising from the same act are the "same offense" for double jeopardy purposes as follows: " '[T]he test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.' (*Blockburger v. United States* (1932), 284 U.S. 299, 304, 76 L. Ed. 2d 306, 309, 52 S. Ct. 180, 182; *Illinois v.*

*Vitale* (1980), 447 U.S. 410, 416, 65 L. Ed. 2d 228, 235, 100 S. Ct. 2260, 2265.)" (109 Ill. 2d 378, 388.) The *Blockburger* test focuses on the elements of the offenses charged rather than on the evidence presented at trial. *Illinois v. Vitale* (1980), 447 U.S. 410, 416, 65 L. Ed. 2d 228, 235, 100 S. Ct. 2260, 2265; *People v. Mueller* (1985), 109 Ill. 2d 378, 388-90.

Under the *Blockburger* test, if each offense requires proof of an additional fact not required to prove the other, then the two offenses are not the same for double jeopardy purposes. Since defendant does not contend that collateral estoppel bars his prosecution for aggravated battery, we begin our analysis by applying the *Blockburger* test.

To sustain a finding of indirect criminal contempt for the violation of a court order outside the presence of the court, two elements must be proved: (i) the existence of a court order, and (ii) a willful violation of that order. (*People v. Wilcox* (1955), 5 Ill. 2d 222, 228.) To sustain the charge of aggravated battery as charged in the information, the State must prove the following elements: (i) the defendant caused great bodily harm to Linda Gartner, and (ii) that he did so intentionally. Thus, while aggravated battery, as alleged in this case, requires proof of great bodily harm, indirect criminal contempt does not. And indirect criminal contempt, unlike aggravated battery, requires proof of the existence of a court order. Finally, each offense requires proof of a different state of mind. Since each offense requires proof of a fact which the other does not, they do not constitute the same offense under the *Blockburger* test.

In addition, aggravated battery is not a lesser-included offense of indirect criminal contempt. The adjudication of indirect criminal contempt based upon a finding that defendant had violated the protective order did not automatically establish all of the elements of aggravated

battery as charged in the information because the contempt finding did not also establish either the fact that he caused Linda Gartner great bodily harm or that he did so intentionally. Nor is indirect criminal contempt for violating a protective order a lesser-included offense of aggravated battery. A conviction for aggravated battery is not " 'an offense consisting *solely* of one or more of the elements' " of indirect criminal contempt based on a violation of a protective order. (Emphasis in original.) (See *People v. Mueller* (1985), 109 Ill. 2d 378, 390, quoting *Illinois v. Vitale* (1980), 447 U.S. 410, 421, 65 L. Ed. 2d 228, 238, 100 S. Ct. 2260, 2267.) As already noted, proof of aggravated battery requires proof that the defendant inflicted great bodily harm upon the victim, an element not necessary to prove indirect criminal contempt for the violation of an order. Indirect criminal contempt and aggravated battery are two separate and distinct offenses. Therefore, prosecution of the charge alleged in the information would not offend the double jeopardy clause of the fifth amendment. This court's decision in *People v. Gray* (1977), 69 Ill. 2d 44, is hereby overruled to the extent it is inconsistent with the views expressed herein. For the foregoing reasons, the judgment of the appellate court in cause No. 63531 is reversed and the cause remanded to the circuit court of Ogle County for further proceedings.

*63520 — Judgment affirmed.*
*63531 — Judgment reversed*
*and remanded.*

JUSTICE CUNNINGHAM took no part in the consideration or decision of this case.