THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. THOMAS C. HELT, Defendant-Appellee.

Third District   No. 3—86—0579

Opinion filed February 5, 1988.

Gary L. Spencer, State's Attorney, of Morrison (Howard R. Wertz, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Verlin R. Meinz, of State Appellate Defender's Office, of Ottawa, and Thomas C. Helt, of Rock Falls, *pro se*, for appellee.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

The State appeals from the dismissal of the conviction of defendant Thomas Helt for unlawfully possessing unsealed liquor in the passenger area of a motor vehicle upon an Illinois highway. The trial court based the dismissal upon the fact that defendant had previously pleaded guilty to underage possession of liquor on a charge arising out of the same incident and had been fined $50 plus costs.

According to the agreed statement of facts filed in lieu of a transcript of record, Sterling police officer John Kellogg stopped defendant on the early morning of June 8, 1986, for driving a vehicle with expired registration and defective backup lights. While talking to defendant, Officer Kellogg noticed an open, partially empty bottle of whiskey on the floor of the vehicle behind the front passenger seat, and he placed defendant under arrest.

The common law record discloses that on June 8, 1986, Officer Kellogg signed a complaint charging defendant with unlawful possession of alcoholic liquor in that he was then under the age of 21 years, in violation of section 6—20 of the Liquor Control Act of 1934 (Ill. Rev. Stat. 1985, ch. 43, par. 134a). On the same date, defendant was given a notice to appear in court on July 11, 1986.

Also appearing in the record is an information dated June 18, 1986, charging defendant with illegal transportation of alcoholic liquor in that he possessed alcoholic liquor within the passenger area of a motor vehicle upon a highway of this State with the seal broken in violation of section 11—502(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 11—502(a)). Accompanying the information is a notice to appear on July 11, 1986.

Defendant did appear on July 11 and was informed of the charges against him. He entered a plea of guilty to the charge of underage possession and waived his right to trial on that charge. The court imposed a fine of $50 and costs. As to the alcoholic liquor within the passenger area of a motor vehicle charge, defendant pleaded not guilty. He waived his right to a jury trial and on August 13 was tried before the court. Defendant appeared *pro se* at the bench trial. He testified in his own behalf that he had been at a party and had borrowed a station wagon from a friend in order to take home another friend who had had too much to drink. Defendant said he did not know the bottle was in the backseat. The court found defendant guilty. During the sentencing hearing, the State informed the court of the earlier conviction and sentence on the underage possession charge. The court then dismissed the transportation charge and made the following docket entry:

> "Def[endant] is being prosecuted for the same identical act under two theories of unlawful possession. While the prosecution of both is permissive the court finds that this one defendant cannot be 2 times tried, or convicted, or sentenced for the same act."

■ On appeal the State argues that the second prosecution was not barred by the conviction in the first case because the unlawful

transportation offense requires proof of different facts than the offense of underage possession. The Illinois Supreme Court recently clarified the applicable test in cases where double jeopardy is an issue. In *People v. Totten* (1987), 118 Ill. 2d 124, 514 N.E.2d 959, the court held the test in Illinois to be as stated in *Blockburger v. United States* (1932), 284 U.S. 299, 304, 76 L. Ed. 306, 309, 52 S. Ct. 180, 182: "[T]he test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Accord *People v. Mueller* (1985), 109 Ill. 2d 378, 388, 488 N.E.2d 523.

The court in *People v. Totten* observed that the *"Blockburger* test focuses on the elements of the offenses charged rather than on the evidence presented at trial. *** [I]f each offense requires proof of an additional fact not required to prove the other, then the two offenses are not the same for double jeopardy purposes." *Totten*, 118 Ill. 2d at 138, 514 N.E.2d at 965.

Applying the *Blockburger* test to the case before us, the offense of underage possession of liquor requires proof that defendant is under 21 years of age (Ill. Rev. Stat. 1985, ch. 43, par. 134a), while the offense of illegal transportation of liquor does not. Also, the latter offense requires proof that defendant possessed or transported liquor "within the passenger area of any motor vehicle" (Ill. Rev. Stat. 1985, ch. 95½, par. 11—502(a)), while the offense of underage possession requires no such proof. The two offenses clearly have different elements, and conviction of the transportation offense is not barred by double jeopardy.

■ Defendant argues in the alternative that sections 3—3 and 3—4 of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, pars. 3—3, 3—4) forbid his prosecution for illegal transportation of alcohol. Section 3—3 provides that "[i]f *** several offenses are known to the proper prosecuting officer at the time of commencing the prosecution ***, they must be prosecuted in a single prosecution." (Ill. Rev. Stat. 1985, ch. 38, par. 3—3(b).) And, in section 3—4, "[a] prosecution is barred if the defendant was formerly prosecuted for a different offense, *** if such former prosecution [r]esulted in *** a conviction *** and the subsequent prosecution *** was for an offense with which the defendant should have been charged on the former prosecution, as provided in Section 3—3." (Ill. Rev. Stat. 1985, ch. 38, par. 3—4(b)(1).) Our supreme court, however, recently determined that the compulsory joinder provisions of these sections do not apply to offenses that are charged by complaint forms intended for the use of police officers "in making *** charge[s] for traffic offenses and cer-

tain misdemeanors and petty offenses." *People v. Jackson* (1987), 118 Ill. 2d 179, 192, 514 N.E.2d 983, 989.

In this case, as aforesaid, the form complaint charging defendant with unlawful possession of alcoholic liquor was signed by the arresting officer, and the illegal transportation charge was brought by the State's Attorney. The court held in *Jackson* that the legislature, in enacting sections 3—3 and 3—4 of the Criminal Code of 1961, did not intend that a driver could plead guilty to a minor offense—in this case, a Class C misdemeanor—brought by a police officer and thereby avoid prosecution of an offense brought by the State's Attorney. (118 Ill. 2d at 193, 514 N.E.2d at 989.) Accordingly, we hold that defendant is not entitled to invoke the compulsory joinder, or "statutory double jeopardy," provisions of sections 3—3 and 3—4 of the Criminal Code.

For the reasons stated, we reverse the judgment and remand this cause to the circuit court of Whiteside County for further proceedings.

Reversed and remanded.

STOUDER and HEIPLE, JJ., concur.