THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
RODERICK HEARD, Defendant-Appellee.
Fourth District   No. 4—90—0504

Opinion filed January 31, 1991.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle,
Robert J. Biderman, and Linda Susan McClain, all of State's Attorneys Ap-
pellate Prosecutor's Office, of counsel), for the People.

Daniel D. Yuhas and Arden J. Lang, both of State Appellate Defender's
Office, of Springfield, for appellee.

JUSTICE STEIGMANN delivered the opinion of the court:
On June 18, 1990, Marcell Patterson, Herbert Heard, and

Christopher Heard were charged in Champaign County with five felony offenses. On that same day, Christopher Heard and Marcell Patterson made their initial appearance before the Champaign County circuit court and various orders were entered regarding their cases. When Herbert Heard's case was called, Roderick Heard, the defendant in the present case, appeared and represented himself to be his brother, Herbert Heard. This ruse was unsuccessful, however, and the court entered the following orders:

"Court finds that Mr. Roderick Heard approached this Court in an attempt [to] have the Court believe that he was Herbert Heard. Court finds that this was done in *** disrepute [sic] for the Court and to hinder the administration of justice by this Court. Court finds that Roderick Heard is in direct criminal contempt of Court and is sentenced to serve a period of incarceration in the Champaign County Correctional Center of thirty (30) days beginning this date. Written order of direct criminal contempt to be entered."

The next day, June 19, 1990, defendant was charged by information with obstructing justice when, "with the intent to prevent the prosecution of Herbert Heard," he knowingly presented himself before the court and identified himself as Herbert Heard. (See Ill. Rev. Stat. 1989, ch. 38, par. 31—4.) Defendant filed a motion to dismiss the information on the ground that if it were allowed to stand, he would be subjected to double jeopardy in violation of the fifth amendment to the United States Constitution and article I, section 10, of the Illinois Constitution. On June 29, 1990, defendant's motion to dismiss was granted by the trial court. The State appeals the order dismissing the information.

We reverse.

*People v. Totten* (1987), 118 Ill. 2d 124, 514 N.E.2d 959, is determinative of the issue before this court. In *Totten*, defendant was summarily found in direct criminal contempt and sentenced to six months' imprisonment for striking the assistant State's Attorney at defendant's sentencing hearing following his conviction on charges unrelated to his appeal. (*Totten*, 118 Ill. 2d at 127-28, 514 N.E.2d at 960.) He was subsequently charged by indictment with four counts of aggravated battery. (*Totten*, 118 Ill. 2d at 128, 514 N.E.2d at 960.) The circuit court granted defendant's motion to dismiss the indictment on the basis of double jeopardy, and the State appealed. (*Totten*, 118 Ill. 2d at 128, 514 N.E.2d at 960.) The appellate court reversed and remanded, and the supreme court affirmed the judgment of the appellate court. *Totten*, 118 Ill. 2d at 128, 514 N.E.2d at 960.

In agreeing with the appellate court that the dismissal of the aggravated battery indictment was improper, the supreme court cited with approval two Federal cases, *United States v. Rollerson* (D.C. Cir. 1971), 449 F.2d 1000, 1004, and *United States v. Mirra* (S.D. N.Y. 1963), 220 F. Supp. 361, 365, as well as the following language from Justice Brennan's separate opinion in *Abbate v. United States* (1959), 359 U.S. 187, 198-99, 3 L. Ed. 2d 729, 736, 79 S. Ct. 666, 673 (Brennan, J., separate opinion): "The basis of the Fifth Amendment protection against double jeopardy is that a person shall not be harassed by successive trials; that an accused shall not have to marshal the resources and energies necessary to his defense more than once for the same alleged criminal acts." (See *Totten*, 118 Ill. 2d at 132-33, 514 N.E.2d at 962.) The court in *Totten* further wrote the following:

"Summary proceedings for direct contempt *** do not implicate this consideration because the contemnor does not face an adversary proceeding for his contempt. Instead, the first and only trial-type harassment the contemnor faces is the subsequent criminal prosecution.

*** Accordingly, we hold that a prosecution for aggravated battery following and arising out of an adjudication of direct criminal contempt does not offend the double jeopardy clause of either the United States Constitution or of the Illinois Constitution." *Totten*, 118 Ill. 2d at 133-34, 514 N.E.2d at 962-63.

On appeal, defendant argues that the trial court's dismissal of the obstructing justice charge was proper because the same conduct of the defendant would be used to prove both criminal contempt and obstructing justice, thus violating the double jeopardy clauses of the United States and Illinois Constitutions. The trial court apparently agreed with this argument and stated the following: "It would seem to me here that it would be very difficult to distinguish between what Mr. Heard was being punished for contempt for and what he is now being charged with as a criminal offense." We disagree and find that this argument misconstrues the holding of the supreme court in *Totten*.

When a defendant who has been found to be in criminal contempt of court and punished therefor is subsequently charged with committing a criminal offense based upon the same conduct, *Totten* requires that a court, when presented with a motion to dismiss on double jeopardy grounds, first determine whether the defendant's criminal contempt was direct or indirect. (For an extensive discussion of the differences between direct and indirect contempt, see *In re Marriage of Betts* (1990), 200 Ill. App. 3d 26, 47-48, 558 N.E.2d 404,

418-19.) If the defendant was found in indirect criminal contempt of court, then a traditional examination under *People v. Mueller* (1985), 109 Ill. 2d 378, 488 N.E.2d 523, should be employed to determine whether the indirect criminal contempt and the new charge filed against the defendant constitute the same or separate offenses for double jeopardy purposes. However, if the court determines that defendant was found in direct criminal contempt of court, application of the *Mueller* test is inappropriate.

We hold that *Totten* stands for the proposition that *any* criminal charge "following and arising out of an adjudication of direct criminal contempt does not offend the double jeopardy clause of either the United States Constitution or of the Illinois Constitution." (*Totten,* 118 Ill. 2d at 134, 514 N.E.2d at 963.) In the present case, the record makes clear that defendant was found to be in direct criminal contempt for falsely representing himself before the trial court to be his brother; accordingly, the trial court's granting of defendant's motion to dismiss the information on double jeopardy grounds was in error.

For the reasons stated, the order of the circuit court dismissing the information is reversed, and this cause is remanded for further proceedings.

Reversed and remanded.

GREEN and KNECHT, JJ., concur.