Donald W. ELLIS, Jr., Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 48A02–9310–CR–578.

Court of Appeals of Indiana, Second District.

May 23, 1994.

H. Erskine Cherry, Anderson, for appellant.

Pamela Carter, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

FRIEDLANDER, Judge.

Donald Ellis appeals from his conviction for Escape, a class C felony.[1] We affirm.

Ellis presents the following two restated issues for our review:

I.  Did the imposition of separate sentences for criminal contempt and escape violate double jeopardy?

II. Did the trial court err by not crediting Ellis's sentence with time that Ellis had served in jail due to a finding of direct criminal contempt?

On October 15, 1991, Ellis appeared before the Anderson City Court for arraignment on a charge of public intoxication. After advising Ellis of his rights, the court explained to Ellis that this charge could violate the terms of his probation. Ellis entered a plea of not guilty to the intoxication charge, following which the trial court stated, "Okay. You'll be placed in the Madison County Jail on a 15 day hold for the purposes of probation bringing a violation against you. Go with the officer." *Record* at 176.

Officer Sandefer of the Anderson Police Department, who had been assigned to the Anderson City Court for the day, approached Ellis and instructed Ellis to come with him. Officer Sandefer then walked Ellis toward the court's detention room, where individuals are held pending transfer to the county jail. As Officer Sandefer was preparing his keys to unlock the door to the detention room, Ellis fled from the courtroom.

Officer Sandefer pursued Ellis and ordered him to stop. Ellis, however, ignored Sandefer's order and continued to flee. Officer Sandefer radioed for backup and Ellis was eventually apprehended on Main Street by two detectives with the Anderson City Police Department. Officer Sandefer transported Ellis back to the Anderson City Court where the court found Ellis to be in direct criminal contempt for evading the jurisdiction of the court by running when he had

---

1. Ind.Code 35–44–3–5(a).

been ordered to stay. *Record* at 177. The trial court sentenced Ellis to serve ninety days in the county jail.

A week later, Ellis was charged with escape for intentionally fleeing from lawful detention on October 15. Following a bench trial, Ellis was convicted as charged and it is from this judgment that Ellis now appeals.

## I.

■ We consider first whether the convictions and imposition of separate sentences for criminal contempt and escape violate the principles of double jeopardy. Ellis argues that, once the court had found him in criminal contempt for fleeing the courtroom, the principles of double jeopardy precluded a subsequent trial for escape. Ellis bases his argument on the fact that the same conduct underlies both convictions. Ellis's argument lacks merit.

Pursuant to I.C. 34-4-7-1:

"Every person who shall, by the commission of any felony, misdemeanor, or other unlawful act; or who by talking, moving about, or by signs, or gestures, or in any other manner, in any court of record, while the same is open for the transaction of business, and engaged therein, create any noise or confusion therein, whereby the business and proceedings of said court shall be disturbed, shall be deemed to be guilty of a direct contempt of said court."

■ Direct contempt, a necessary incidental power of the court, is used by the court to protect itself against gross violations of decorum. *McQueen v. State* (1979), 272 Ind. 229, 396 N.E.2d 903. On appeal, a reviewing court will accept the lower court's statement of the matter constituting the contempt as true, and will not interfere unless the judgment is clearly wrong. *Blankenbaker v. State* (1929), 201 Ind. 142, 166 N.E. 265.

Following Ellis's return to the courtroom, the court found Ellis in direct criminal contempt and stated as follows:

"THE COURT: Mr. Ellis, you're found in contempt of this court, direct criminal con-

tempt by evading the jurisdiction of this court by running from here when you were told to stay." *Record* at 177.

Pursuant to I.C. 35-44-3-5(a), "[a] person who intentionally flees from lawful detention commits escape, a Class C felony." The charging instrument in the case before us reads, in pertinent part:

"On or about the 15th day of October, 1991, in Madison County, State of Indiana, the Defendant, DONALD W. ELLIS, did intentionally flee from lawful detention, to-wit: The custody of Joel Sandefur,[2] a law enforcement officer with the Anderson City Police Department." *Record* at 9.

To prove that Ellis had committed escape, the State presented evidence at trial that Ellis fled from lawful detention on October 15, 1991.

■ For the purpose of double jeopardy, two offenses are the same when the same act violates two distinct statutory provisions which do not require proof of an additional fact. *Wethington v. State* (1990), Ind., 560 N.E.2d 496. A double jeopardy analysis requires not only an evaluation and comparison of the statutory provisions, but also an examination of the factual bases alleged by the State in the information and upon which the charges are predicated. *Id.* Where there is a clearly expressed legislative intent that cumulative punishment for the same act may be imposed, the imposition of cumulative punishment will not violate the principles of double jeopardy. *Walker v. State* (1991), Ind.App., 582 N.E.2d 877.

In the case before us, the imposition of cumulative punishment for Ellis's flight from the courtroom did not violate double jeopardy principles because the two offenses for which Ellis was punished required proof of distinctly different elements. "Contempt of court is disobedience to a court by acting in opposition to the court's authority, justice and dignity. It includes any act which ... tends to deter the court from the performance of its duties." *Brumbaugh v. State* (1986), Ind., 491 N.E.2d 983, 984. For op-

---

**2.** The record before us contains two variations of how Officer Joel Sandefer's name is spelled— Sandefer and Sandefur. Inasmuch as the officer did not spell his name at the beginning of his testimony, we are unsure as to which of the variations is correct.

posing the court's authority and dignity by disobeying the court's order, Ellis was found to be in direct criminal contempt. *See Id.* (defendant was in contempt of court when he disobeyed court's order to stay and bolted from the courtroom). For intentionally fleeing from a police officer's lawful detention, Ellis was later found guilty of escape.

Furthermore, the statute regarding direct contempt clearly expresses the legislative intent that cumulative punishment may be imposed for the same act upon which the contempt conviction is based. According to the statute, anyone who disturbs the court by committing a felony, misdemeanor or other unlawful act while the court is open for, and engaged in, business is guilty of direct contempt. Thus, a person's unlawful conduct not only may be such that it rises, at that moment, to direct contempt, but also may be such that it later is adjudicated to constitute either a felony or misdemeanor.

■ In conclusion, we hold that the principles of double jeopardy do not preclude the subsequent prosecution of a person for engaging in conduct which constitutes an unlawful act simply because a trial court has invoked the power of direct contempt to protect itself against gross violations of decorum. *See U.S. v. Mirra* (S.D.N.Y.1963), 220 F.Supp. 361 (where defendant threw chair at prosecutor, criminal prosecution for assault, arising out of and subsequent to summary contempt conviction, does not offend double jeopardy); *U.S. v. Rollerson* (D.C.Cir.1971), 449 F.2d 1000 (where defendant threw water pitcher at prosecutor, criminal prosecution for assault, arising out of and subsequent to summary contempt conviction, does not offend double jeopardy); *People v. Totten* (1987), Ill.App., 514 N.E.2d 959 (where defendant struck state's attorney during sentencing, criminal prosecution for aggravated battery following and arising out of adjudication for direct criminal contempt does not offend double jeopardy); *People v. Heard* (1991), Ill.App., 566 N.E.2d 896 (where defendant represented himself to be his brother, subsequent prosecution for obstruction of justice does not violate double jeopardy); *Commonwealth v. Warrick* (1985), 344 Pa.Super. 611, 497 A.2d 259 (where defendant escaped from courtroom after having been found guilty of possession of narcotics, subsequent criminal prosecution for escape does not violate double jeopardy).

For the reasons stated, we hold that Ellis's convictions and sentences for contempt and escape do not violate the principles of double jeopardy.

## II.

■ Next, we address whether the trial court erred by not crediting Ellis's sentence for his escape conviction with the time that Ellis had served for his contempt conviction.

On October 15, 1991, the Anderson City Court sentenced Ellis to ninety days for direct criminal contempt. On October 21, 1991, the State filed an information with Madison County Superior charging Ellis with escape. On June 28, 1993, Ellis was sentenced for his escape conviction as follows:

"Defendant remanded to the custody of the Indiana Department of Correction for a period of four (4) years; one (1) year executed, balance of said sentence suspended. Defendant not given credit for time previously served for the reason that he was serving a sentence for contempt from the Anderson City Court and posted bond in this cause on January 13, 1992, when service of the Anderson City Court sentence was completed. Abstract of Judgment issued.

Upon his release from incarceration, defendant placed on probation for a period of three (3) years...." *Record* at 46–47.

Ellis argues that, once he had been charged for escape in Madison Superior Court, the remaining time he served toward the sentence he had received for the contempt citation should have been credited to the sentence he had received for the escape conviction. We disagree.

■ If a defendant's confinement prior to sentencing results from the offense for which the sentence is ultimately imposed, a defendant establishes presentence time served credit. *Dolan v. State* (1981), Ind.App., 420 N.E.2d 1364. Because Ellis's confinement prior to his sentencing for escape resulted from his conviction for the wholly unrelated

offense of direct criminal contempt, the trial court committed no error by not crediting Ellis for presentence time served credit.

Judgment affirmed.

KIRSCH and BAKER, JJ., concur.