Donald E. ENNIS, Appellant–
Petitioner,

v.

STATE of Indiana, Appellee–
Respondent.

No. 63A01–0312–PC–458.

Court of Appeals of Indiana.

April 19, 2004.

Robert R. Faulkner, Evansville, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Judge.

Appellant-petitioner Donald E. Ennis appeals the denial of his petition for post-conviction relief regarding his conviction and sentence following a guilty plea for the non-support of a dependent child. Specifically, Ennis contends that the trial court improperly modified the original sentence and judgment of conviction that had been imposed, that he was subjected to double jeopardy and that he was not afforded the proper amount of credit time to which he was entitled. Concluding that the trial court did not inappropriately modify the judgment of conviction, that there was no breach of the terms of the plea agreement, that Ennis's probation was properly revoked, that he was not subjected to double jeopardy and that Ennis was not deprived of any credit time to which he was entitled, we affirm the judgment of the post-conviction court.

### FACTS

On September 11, 2001, the State filed an action against Ennis for the non-support of a dependent child pursuant to Indiana Code section 35–46–1–5.[1] It was alleged that Ennis had accumulated a child support arrearage in the amount of $62,048. Thereafter, the parties entered into a plea agreement, where one of the material terms of the agreement was that the State recommended and moved that the court consider entering the conviction as a class D felony. Specifically, the relevant terms of the agreement provided that:

> The State agrees to cap its [sentencing] recommendation at 4 years to the Department of Corrections [sic] with all suspended and credit for 46 days served. The State makes a motion that the court consider treatment as a class 'D' felony.

Appellant's App. p. 14. The trial court accepted the plea agreement and entered Ennis's conviction as a class D felony.

In the sentencing order dated December 12, 2001, Ennis was ordered to serve a period of three years with all time suspended but for the forty-six days that he had already served. The order did not set forth any aggravating factors in support of enhancing Ennis's presumptive sentence of one and one-half years to the maximum of three years for a class D felony.[2] Ennis was also ordered to pay $62,720, representing the total child support arrearage that had accumulated as restitution, and the trial court placed Ennis on probation for two years and 319 days.

Thereafter, on April 15, 2002, the State petitioned to revoke Ennis's probation. The trial court revoked his probation and ordered him to serve the previously suspended sentence through the Wabash Valley Community Corrections (WVCC) program. However, the State subsequently filed a motion to revoke Ennis's placement in the WVCC program on December 12,

---

1. This statute provides that a "person who knowingly or intentionally fails to provide support to the person's dependent child commits nonsupport of a child, a Class D felony." This offense becomes "a Class C felony if the total amount of unpaid support that is due and owing for one (1) or more children is at least fifteen thousand dollars ($15,000.00)."

2. Indiana Code section 35–50–2–7 provides that the presumptive sentence for a class D felony is one-and-one-half years and the maximum penalty is three years with a $10,000 fine.

2002, on the grounds that he had failed a drug screen.

Thereafter, on November 22, 2002, Ennis filed a motion for correction of sentence, where he claimed that the trial court erred in failing to recite any aggravating factors to justify the enhancement of the sentence from the presumptive one and one-half years to the maximum three years on a class D felony. On January 15, 2003, the trial court sua sponte noted that it had failed to state its reasons for entering the conviction as a class D felony in accordance with Indiana Code section 35–50–2–6(b). That statute provides that if an individual has committed class C felony non-support of a dependent child, "upon motion of the prosecuting attorney, the court may enter judgment of conviction of a class D felony ... and sentence the person accordingly." The statute further provides that the court "shall enter in the record detailed reasons for the court's action when the court enters a judgment of conviction of a Class D felony." *Id.* With respect to this issue, the trial court stated

> The statute that pertains to that finding permits the reduction from a 'C' to a 'D' but requires the Court to make special findings supporting that particular finding. I reviewed the Sentencing Order and I didn't make those findings. So I'm not sure if the finding was made in haste or if it is in fact supported by the record. I'm going to review the record. If the reduction from 'C' to 'D' is not supported by sufficient facts, then that reduction from 'C' to 'D' may be vacated and the entry of judgment of conviction entered as a 'C' felony.

Tr. p. 4.

The court then concluded that it was granting Ennis's motion regarding the erroneous sentence, rather than awarding Ennis the relief he requested, the judgment of conviction was changed to a class C felony. The trial court then imposed the presumptive sentence of four years. While part of the sentence was suspended, it was never carried out inasmuch as Ennis's probation had already been revoked.

Thereafter, on July 18, 2003, Ennis petitioned for post-conviction relief, asserting that the trial court improperly "modified the judgment of conviction to a higher level offense which was beyond its jurisdiction." Appellant's App. p. 39. Ennis further alleged that he was subjected to double jeopardy because he was not given credit for the days he served in jail following a contempt finding based on his failure to pay support, and that the revocation of his placement in the WVCC was improper because the trial court erred in excusing that facility from following its own policies with respect to drug testing. Following a hearing on the petition, the post-conviction court denied Ennis's request for relief on October 23, 2003. The order provided in relevant part as follows:

> Ennis asserts fundamental error apparently to avoid waiver.... The availability of the fundamental error exception to the waiver rule in post-conviction proceedings is generally limited to 'deprivation of the Sixth Amendment right to effective assistance of counsel, or ... an issue demonstrably unavailable to the petitioner at the time of his trial and direct appeal.' *Canaan v. State,* 683 N.E.2d 227, 235–36 n. 6 (Ind.1997).... Accordingly, to the extent that Ennis presents on post-conviction a claim of fundamental error, review of such a claim by this Court would be improper. Waiver notwithstanding, the Court will address the issues presented by Ennis.

### A

### Correction of Sentence

In this instance, the trial court *did not* modify Ennis' sentence, it corrected

it. . . . (Emphasis in original). It did so on Ennis' motion. He may not be heard now to complain about that which he invited. *See Ellis [v. State]*, 707 N.E.2d [797] at 803 [ (Ind.1999) ]. In any event, Ennis' claims fail on their merits.

In reviewing the grounds for Ennis' *Motion for Correction of Sentence*, the trial court determined that, in fact, the sentence imposed was illegal.

. . .

After accepting the plea agreement, the trial court granted the prosecutor's motion for treatment as a Class D felony. This was error. . . . Once the trial court accepted the plea agreement in this case, it had no authority to grant the prosecutor's motion to treat the charge against Ennis as a Class D felony. *See State ex rel. Goldsmith v. Marion Superior Ct.*, 275 Ind. 545, 552, 419 N.E.2d 109, 114 (1981).

. . .

When the trial court corrected the sentence it erroneously imposed, it was bound to, and did, impose the legal provisions of the plea agreement it accepted.

## B

### Credit for Time Served

[U]nder Indiana law, [Ennis] is only entitled to credit for time served against the sentence imposed for the crime of nonsupport of a dependent child.

. . .

Upon reviewing the chronological case summary in this case, the Court finds that Ennis has not been held for contempt in this matter. If he has been held for contempt in another matter, which on this record is entirely unclear, it would have no bearing in this matter. *Ellis v. State*, 634 N.E.2d 771, 774–75 (Ind.Ct.App.1994). This claim fails as

well. Ennis has received all of the credit for time served to which he is entitled. Appellant's App. p. 4–10. Ennis now appeals.

## DISCUSSION AND DECISION

### I. Standard of Review

Before addressing the merits of Ennis's claims, we initially observe that the petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence. Ind. Post Conviction Rule 1(5); *Saylor v. State*, 765 N.E.2d 535, 547 (Ind.2002). When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. *Saylor*, 765 N.E.2d at 547. On review, we will not reverse the judgment unless the evidence as a whole unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court. *Id.* Further, the post-conviction court in this case entered findings of fact and conclusions of law in accordance with Indiana Post Conviction Rule 1(6). " 'A post-conviction court's findings and judgment will be reversed only upon a showing of clear error—that which leaves us with a definite and firm conviction that a mistake has been made.' " *Id.* (quoting *Ben–Yisrayl v. State*, 729 N.E.2d 102, 106 (Ind.2000)). Although we accept findings of fact unless they are clearly erroneous, we give conclusions of law no deference. *Coleman v. State*, 741 N.E.2d 697, 700 (Ind.2000), *cert. denied* (2001).

### II. Ennis's Claims

#### A. Erroneous Sentence

Ennis contends that the trial court erred in modifying the judgment of conviction, thus effectively breaching the terms of the plea agreement. Specifically, Ennis as-

serts that the trial court had no jurisdiction to modify the judgment after it had accepted the plea agreement, and the action of the trial court in these circumstances in modifying the terms of the agreement rose to the level of fundamental error.

■ In this case, the State first contends that Ennis has waived the issue because he failed to bring a direct appeal attacking the correction of his conviction and the revocation of his placement in community corrections. Appellee's Br. p. 8–9. However, it is apparent here that the State argued the substance of Ennis's post-conviction issues. To be sure, our supreme court has determined that issues that were available and unasserted during the appellate process will be addressed on appeal from the denial of post-conviction relief when the State argued the merits of those issues and the post-conviction court reviewed those issues on the merits. *Lowery v. State*, 640 N.E.2d 1031, 1037 (Ind. 1994). Thus, contrary to the State's claim, Ennis has not waived his claims in this appeal.

■ That said, we now proceed to the merits. A trial judge typically has no authority over a defendant after he pronounces sentence. That is, any continuing jurisdiction after final judgment has been pronounced must either derive from the judgment itself or be granted to the court by statute or rule. *Keys v. State*, 746 N.E.2d 405, 406 (Ind.Ct.App.2001). Once a court accepts a plea agreement, the court is bound by its terms. *Bennett v. State*, 802 N.E.2d 919, 921–22 (Ind.2004). By the same token, it is also the "general, if not unanimous, rule that a trial court has the power to vacate an illegal sentence and impose a proper one," even if doing so results in an increased sentence after the erroneous sentence has been partially executed and regardless of whether the sentencing error occurred following a trial or a guilty plea. *See Lane v. State*, 727 N.E.2d 454, 456 (Ind.Ct.App.2000); *Niece v. State*, 456 N.E.2d 1081, 1084 (Ind.Ct. App.1983).

In this instance, we find the trial court's action in correcting Ennis's judgment of conviction analogous to the correction of a facially invalid sentence. The trial court lacked the authority to enter a judgment of conviction as a class D felony for non-support of a dependent child in an amount over $15,000 unless the court provided detailed reasons on the record for doing so. *See* I.C. 35–50–2–7. Thus, in the absence of such a record, the entry of Ennis's conviction as a class D felony was facially invalid and contrary to the provision set forth by our General Assembly that the non-support of a dependent child in an amount over $15,000 is a class C felony. To be sure, in the event that the trial court would have erroneously entered the conviction as a class B felony, the court surely would have had jurisdiction to correct that error because the original entry would have been invalid. Simply put, we do not see the circumstances here as representative of an instance where the defendant is being punished by the trial court for subsequent conduct he may have engaged in by altering the conviction. *See King v. State*, 720 N.E.2d 1232, 1234–35 (Ind.Ct. App.1999) (holding that the trial court erred in vacating the entry of judgment as a class A misdemeanor and subsequently re-entering it as a class D felony after the defendant had violated the terms of his probation). Rather, it is apparent that the trial court was simply correcting a facially invalid entry of judgment, thus bringing that conviction into compliance with the legislature's directive.

Additionally, while the trial court was bound by the terms of the plea agreement, the language therein did not *mandate* the

entry of the judgment as a class D felony. As set forth above, the State simply agreed to recommend that the court "consider" reducing the conviction to a class D felony. Appellant's App. p. 14. Such was a non-binding recommendation that the trial court was free to accept or reject upon accepting the plea. That is, it was not an agreed-upon disposition that was binding on the trial court once the agreement was accepted. *See Walker v. State*, 420 N.E.2d 1374, 1378–79 (Ind.Ct.App. 1981) (recognizing a distinction between binding and non-binding sentencing recommendations in plea agreements and holding that a court may accept a plea agreement without accepting the non-binding sentence recommendation contained within that agreement).

In our view, the trial court's entry of conviction as a class C felony is consistent with the terms of the agreement. Moreover, inasmuch as the State recommended in the agreement that Ennis was to receive no more than four years—a sentence greater than the maximum authorized by law for a class D felony—further demonstrates that the plea agreement did not require that judgment be entered as a class D felony.

The statements made by the parties at the guilty plea hearing further bear out such a conclusion. The prosecutor specifically asserted, without any comment or objection from Ennis, that "it would be *within the discretion of the Court, to decide whether or not* to treat this as a 'D' felony or not." Tr. p. 8 (emphasis added). Moreover, Ennis's counsel commented that "if the Court saw fit to treat this as a class 'D' Felony . . .", thereby further demonstrating the parties' understanding that the ultimate determination was left to the trial court's discretion under the agreement. Thus, it may be fairly said that when the trial court corrected the erroneous entry of the judgment as a class D felony to a class C felony, there was no deviation from, or violation of, the terms of the agreement. As a result, Ennis's request for relief on this basis must fail.

### B. Revocation, Double Jeopardy and Appropriate Credit Time

 Ennis next contends that the trial court erred in revoking his placement at the WVCC because he had not been offered a second drug screen that was specifically provided for in the facility's rules and further argues that because he was found in contempt for his non-payment of child support he should have been entitled to credit time toward the non-support sentence for the time he served with respect to the contempt citation. In essence, Ennis claims that he was subjected to double jeopardy.

As to Ennis's first contention, the record shows that the State filed a petition to revoke Ennis's placement in the WVCC because he had failed a drug screen and tested positive for amphetamines and methamphetamine. Appellant's App. p. 9, 26, 33. Following a hearing, it was determined that Ennis had violated the WVCC's rules by intentionally ingesting the controlled substances and his probation was revoked. Appellant's App. p. 33–34. At this juncture, Ennis maintains that the probation should not have been revoked because he was entitled to a second test under the WVCC's rules, but he was refused such a test. Notwithstanding this claim, no evidence in the record supports Ennis's assertion that he requested a second test in a timely fashion or that he was even entitled to a second drug screen under the WVCC rules. As a result, Ennis's claim must fail.

 Ennis also argues that the trial court's failure to award him jail time credit for the time that he was incarcerated "for the same omission to pay child support

constitutes double jeopardy." Appellant's Br. p. 12. Ennis acknowledges, however, "the record does not seem to reflect an actual finding of contempt against [him]." Appellant's Br. p. 12. Similarly, the post-conviction court observed that the chronological case summary fails to reveal that Ennis had been held in contempt in this case. Appellant's App. p. 1–12, 70. That said, there has been no showing that Ennis was held in contempt in a previous proceeding with respect to the non-support issue, and he has not provided any details or evidence that would establish otherwise. To be sure, Ennis acknowledges that "the record does not indicate a finding of contempt." Appellant's Reply Br. p. 10. For these reasons, Ennis's claim must fail.

Even so, this court has recently rejected a defendant's claim that a criminal prosecution for non-support violated double jeopardy when the defendant had previously been held in contempt for the failure to pay. *Hunter v. State*, 802 N.E.2d 480, 483–85 (Ind.Ct.App.2004). The *Hunter* court found that contempt sanctions intended to coerce the defendant into compliance with a court order to pay support were remedial rather than punitive despite the fact that the defendant might be incarcerated. *Id.* at 484. Even more compelling, this court has determined that a defendant is not entitled to receive credit time toward his sentence following his conviction for time served on the contempt citation, even where both arose out of the same conduct. *See Ellis v. State*, 634 N.E.2d 771, 774–75 (Ind.Ct. App.1994). As a result, Ennis's double jeopardy contention must fail.

### CONCLUSION

In light of our discussion of the issues set forth above, we conclude that the trial court properly corrected Ennis's judgment of conviction and that such action did not amount to a violation of the terms set forth in the plea agreement. We further note that the trial court did not err in revoking Ennis's probation, no double jeopardy violation occurred and that Ennis was awarded the proper amount of credit time.

The judgment of the post-conviction court is affirmed.

FRIEDLANDER, J., and BAILEY, J., concur.