**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEYS FOR APPELLANT:

**STEPHEN T. OWENS**
Public Defender of Indiana

**JOHN PINNOW**
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN MCLEAN**
Deputy Attorney General
Indianapolis, Indiana



FILED

Nov 20 2012, 9:12 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DEQUINCY LOPEZ, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1204-PC-184 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE MARION COURT CRIMINAL DIVISION 23
The Honorable Steven R. Eichholtz, Judge
Cause No. 49G20-0612-FD-240489

**November 20, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Dequincy Lopez pleaded guilty to being a Habitual Substance Offender[1] (HSO) and was found guilty of Possession of Cocaine,[2] a class B felony. He was later sentenced to an aggregate term of twenty years, with ten years suspended. However, the trial court's abstract of judgment erroneously showed that the two years Lopez received on the HSO count was a separate conviction.

Lopez appealed directly to this court, challenging the appropriateness of the sentence with regard to his conviction for cocaine possession. We remanded the case to the trial court—without addressing the propriety of the sentence—observing that it had improperly designated the HSO enhancement as a separate conviction, in which a concurrent sentence was imposed. On remand, the trial court observed that it should have imposed at least a three-year enhancement on the HSO count under the relevant statute.

Lopez petitioned for post-conviction relief claiming ineffective assistance of appellate counsel because he received a lengthier sentence on remand. Thus, Lopez claimed that his counsel was ineffective for pursuing the appeal. Lopez also argued that increasing the HSO enhancement on remand violated the terms of the plea agreement.

We agree with the post-conviction court's conclusion that Lopez's appellate counsel was not ineffective and that Lopez was properly sentenced on remand. Accordingly, we affirm the judgment of the post-conviction court.

---

[1] Ind. Code § 35-50-2-10.

[2] Ind. Code § 35-48-4-6.

FACTS

On December 18, 2006, Lopez was charged with Count I, theft, a class D felony, Count II, possession of cocaine, a class D felony, Counts III and IV, possession of paraphernalia, a class A misdemeanor, and possession of paraphernalia with a prior conviction, as a class D felony. On December 29, 2006, Lopez was charged with Count V, possession of cocaine within 1000 feet of a public park, a class B felony. Lopez was also charged with being an HSO under Count VI. The State alleged that Lopez had accumulated two prior unrelated convictions for possession of cocaine in 2002 and 2005, which served as the basis for the HSO count.

On August 29, 2007, a jury convicted Lopez on Counts I, II, III and V. The State dismissed count IV, and Lopez waived his right to a jury trial with regard to the HSO count. Thereafter, on September 6, 2007, Lopez pleaded guilty as part of a "package plea agreement" with regard to Count VI, the HSO Count, and charges in two other unrelated cases. Appellant's Br. p. 2; Appellant's App. p. 121-25.

On September 17, 2007, the trial court sentenced Lopez. It did not sentence him on Count II because it merged that conviction into Count V. More particularly, the trial court sentenced Lopez to concurrent terms of three years on Count I, one year on Count III, twenty years with ten suspended on Count V, and another two years on the HSO Count. The trial court made the following statement with regard to that count: "the sentence enhancement, that is an additional two years pursuant to your agreement." Tr. p. 204. However, a written abstract of judgment showed that the two-year sentence on

3

the HSO Count was a separate conviction rather than an enhancement, and the sentences were ordered to run concurrently.

Lopez appealed to this court and was represented by attorney Jill Acklin. On direct appeal, Lopez argued that his sentence was inappropriate for possessing a small amount of cocaine. The State maintained that the sentence was not inappropriate and also noted that the trial court's order improperly entered the HSO enhancement as a separate, concurrent sentence. Thus, the State requested us to remand the case with instructions for the trial court to correct the error.

On May 23, 2008, a panel of this court issued a memorandum decision stating that although we were "not inclined to agree with [Lopez's] claim that" his sentence was too harsh, the issue "need not be decided" because the trial court had erred in imposing the HSO enhancement as a separate, concurrent sentence. Lopez v. State, No. 49A02-0711-CR-945, slip op. at 3-4 (Ind. Ct. App. May 23, 2008). Thus, we remanded Lopez's case for resentencing. Id. at 5.

Lopez was resentenced on September 23, 2008. At the hearing, Lopez testified and offered several documents to the trial court regarding his rehabilitation and asked the trial court to impose a lesser sentence. The trial court reviewed Lopez's criminal history and found that his most recent prior unrelated conviction was within three years of the possession of cocaine offense, thus requiring a minimum of three years on the HSO enhancement in accordance with the relevant statute. The trial court imposed a total

4

sentence of twenty-three years, with eleven years suspended to probation. Lopez agreed at the hearing that the trial court was permitted to impose such a sentence.

On February 23, 2011, Lopez filed a petition for post-conviction relief, claiming that his appellate counsel was ineffective for failing to inform him that the error in the original sentencing order might be detected on appeal. Lopez also alleged that the order on resentencing violated the terms of his plea agreement and that he was entitled to specific performance of the original agreement.

At an evidentiary hearing that commenced on September 2, 2011, Attorney Acklin testified that she had not noticed the trial court's entry for concurrent service of Lopez's HSO enhancement when discussing the appeal with Lopez or preparing the appellate brief. Acklin also testified that, in her opinion, there are occasions when the length of the existing sentence and any possible further enhancement is not a realistic deterrent to pursuing an appeal, and that a "cost-benefit" analysis is appropriate in such cases. Tr. p. 28. Acklin stated that she could not recall the extent of the specific error in Lopez's sentence, but that in her opinion the addition of "two or three" extra years might have caused her to counsel against pursuing an appeal. Id. Lopez claimed that he would not have challenged his sentence had he been told that the error in the abstract of judgment might be discovered.

The post-conviction court entered findings of fact and conclusions of law on March 22, 2012, denying Lopez's request for relief. In particular, it was determined that Acklin's failure to assist Lopez maintain the benefit of the original sentence was an

5

"isolated mistake" that did not rise to the level of ineffective assistance, "particularly when balanced against the fact that [Lopez] was not entitled to the benefit of the trial court's mistake in the first place." Appellant's App. p. 308-09. The post-conviction court further found that Lopez had consented to the relitigation of his sentence, specifically agreeing that the trial court could impose the three-year HSO enhancement. Lopez now appeals.

## DISCUSSION AND DECISION

### I. Standard of Review

Lopez had the burden of establishing the grounds for post-conviction relief by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5); Ben-Yisrayl v. State, 738 N.E.2d 253, 258 (Ind. 2000). Lopez is appealing from a negative judgment and the post-conviction court's findings of fact are accepted unless they are "clearly erroneous." Davidson v. State, 763 N.E.2d 441, 443-44 (Ind. 2002). We will only consider the probative evidence and all reasonable inferences therefrom that support the post-conviction court's determination and will not reweigh the evidence. Bigler v. State, 732 N.E.2d 191, 194 (Ind. Ct. App. 2000). The post-conviction court's denial of relief will not be disturbed unless the evidence is without conflict and "leads to but one conclusion, and the post-conviction court has reached the opposite conclusion." McCary v. State, 761 N.E.2d 389, 392 (Ind. 2002). In other words, the defendant must convince this Court that there is no way within the law that the court below could have reached the decision it did. Stevens v. State, 770 N.E.2d 739, 745 (Ind. 2002).

6

With regard to appellate counsel's effectiveness, the standard for gauging Lopez's claims is the same as that for trial counsel. Allen v. State, 749 N.E.2d 1158, 1166 (Ind. 2001). In Strickland v. Washington, 466 U.S. 668, 687-88 (1984), it was determined that a successful claim of ineffective assistance of counsel must demonstrate (1) that counsel's performance was unreasonable "under prevailing professional norms," and (2) that the defendant was prejudiced by counsel's performance such that the result of the trial was unreliable or deprived the defendant of a fair trial.

In all cases, we will "strongly presume" that appellate counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Martin v. State, 760 N.E.2d 597, 600 (Ind. 2002). Further, merely proving unreasonable decisions by counsel will not warrant relief unless a defendant also shows prejudice, namely a reasonable probability that the result of the proceeding would have been different. Troutman v. State, 730 N.E.2d 149, 154 (Ind. 2000).

We also note that the right to counsel enforceable by the courts is the right to the reasonable decisions of an attorney made according to prevailing professional norms. French v. State, 778 N.E.2d 816, 824 (Ind. 2002). It does not include the right to act contrary to professional norms, such as an attorney's obligation of candor to tribunals and the obligation to refrain from conduct prejudicial to the administration of justice. See Ind. Rule Prof. Cond. 3.3(b) (stating that a "lawyer who . . . knows that a person intends to engage, is engaging or has engaged in criminal or fraudulent conduct related to the proceeding shall take reasonable remedial measures, including, if necessary, disclosure to

7

the tribunal"); Ind. Rule Prof. Cond. 8.4(d) (providing that attorneys shall not "engage in conduct that is prejudicial to the administration of justice").

## II.  Lopez's Claims

### A.  Ineffective Assistance of Appellate Counsel

Lopez argues that Acklin was ineffective because she did not notice the trial court's error that actually benefited him and, instead, appealed the sentence that resulted in a longer term with regard to the HSO Count on remand.  Lopez also asserts that he was prejudiced by counsel's performance because he would not have appealed had counsel properly advised him about the sentence that could have been imposed.

In addressing Lopez's contention, we note that the parties had agreed that Lopez would receive an HSO enhancement to his sentence for possession of cocaine. Appellant's App. p. 116-18, 119-21, 122.  It was the law then—as it is now—that a habitual offender sentence of any kind is an enhancement of an underlying sentence that cannot be served "concurrently" with the underlying sentence.  Reffett v. State, 844 N.E.2d 1072, 1074 (Ind. Ct. App. 2006).  That said, Lopez argues that Acklin should have advised him of the advantage of the scrivener's error in the abstract of judgment and offered him the opportunity to keep it hidden from the courts and the Department of Correction by dismissing the appeal.

However, Lopez agreed to serve an HSO enhancement in exchange for the dismissal of other charges.  Appellant's App. p. 120-22.  The only "risk" that Lopez faced in a direct appeal was that of being held to that promise.  We simply cannot require

Acklin to have become complicit in an attempt to renege on that promise. In short, taking advantage of a scrivener's error in the abstract was not within the range of reasonable decisions that Acklin should have considered. We cannot say that Acklin was under any duty to consult with Lopez about this issue, and her alleged "failure" to do so did not amount to deficient performance under the Sixth Amendment.

Even assuming solely for the sake of argument that Acklin had a duty to advise him about avoiding the plea agreement, the Sixth Amendment to the United States Constitution "guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." Yarborough v. Gentry, 540 U.S. 1, 8 (2003). Effective representation does not require flawless pursuit of a client's wishes or interests. Woodson v. State, 961 N.E.2d 1035, 1042 (Ind. Ct. App. 2012), trans. denied. And an isolated mistake or instance of bad judgment will not render representation ineffective. Carr v. State, 728 N.E.2d 125, 131 (Ind. 2000).

We note that the issue that Acklin pursued on direct appeal could have resulted in a greater reduction of Lopez's overall sentence, had he been successful. PCR Ex. 5, 9-10. Lopez was caught with .0377 grams of cocaine, and sentences involving larger quantities of cocaine and criminal records comparable to Lopez's have been revised. See Abbott v. State, 961 N.E.2d 1016, 1019 (Ind. 2012) (revising a twenty-year sentence for the defendant who had an extensive history of juvenile delinquency and adult criminal convictions, and who possessed 1.15 grams of cocaine and 5.17 grams of marijuana within 1,000 feet of a school to twelve years); Love v. State, 741 N.E.2d 789, 795 (Ind.

9

Ct. App. 2001) (revising a sentence of fifty years for possession with intent to deliver 11.33 grams of cocaine to the presumptive sentence of thirty years, despite the defendant's lengthy juvenile history).

Certainly Acklin's strategy was reasonable and, as the post-conviction court found, even an isolated mistake in executing a particular strategy does not render representation ineffective as a whole. Clark v. State, 668 N.E.2d 1206, 1211 (Ind. 1996). Moreover, the post-conviction court was not bound to believe Lopez's self-serving testimony that he would not have appealed had Acklin informed him of the possibility that the sentencing error would have been discovered on direct appeal. Accordingly, we agree with the post-conviction court's determination that

> the Court does not agree that Ms. Acklin's isolated mistake concerning [Lopez's] sentence constitutes ineffectiveness in the overall context of her performance, particularly when balanced against the fact that [Lopez] was not entitled to the benefit of the trial court's mistake in the first place. Therefore, the court does not find that [Lopez's] appellate counsel made errors so serious that she was not functioning as 'counsel' guaranteed to the defendant by the Sixth Amendment to the Constitution of the United States.

Appellant's App. p. 309.

In short, Lopez has failed to show clear error in the post-conviction court's decision regarding his claim of ineffective assistance of counsel.

### B.  Increase of Sentence on HSO Count

Lopez argues that the sentence imposed on remand cannot stand.  More particularly, Lopez contends that the trial court's increase of the sentence on the HSO

Count violated the terms of the plea agreement. In other words, Lopez maintains that he is entitled to specific performance of the agreement.

At the outset, the State maintains that Lopez's plea agreement claim is "procedurally defaulted" because he could and should have raised the violation on direct appeal. Appellee's Br. p. 10-11. However, Lopez could not have raised the alleged violation of the plea agreement until after the case was remanded for resentencing. And post-conviction relief is the preferred forum for him to argue that the court on remand violated the plea agreement. Reffett, 571 N.E.2d at 1229-30.

Proceeding to the merits of Lopez's claim, Indiana Code section 35-50-2-10 provides that:

> (f) The court shall sentence a person found to be a habitual substance offender to an additional fixed term of at least three (3) years but not more than eight (8) years imprisonment, to be added to the term of imprisonment imposed under IC 35-50-2 or IC 35-50-3. If the court finds that:
>
> > (1) three (3) years or more have elapsed since the date the person was discharged from probation, imprisonment, or parole (whichever is later) for the last prior unrelated substance offense conviction and the date the person committed the substance offense for which the person is being sentenced as a habitual substance offender; or
>
> > (2) all of the substance offenses for which the person has been convicted are substance offenses under IC 16-42-19 or IC 35-48-4, the person has not been convicted of a substance offense listed in section 2(b)(4) of this chapter, and the total number of convictions that the person has for:
>
> > > (A) dealing in or selling a legend drug under IC 16-42-19-27;

11

(B) dealing in cocaine or a narcotic drug (IC 35-48-4-1);

(C) dealing in a schedule I, II, or III controlled substance (IC 35-48-4-2);

(D) dealing in a schedule IV controlled substance (IC 35-48-4-3); and

(E) dealing in a schedule V controlled substance (IC 35-48-4-4); does not exceed one (1);

then the court may reduce the additional fixed term. However, the court may not reduce the additional fixed term to less than one (1) year.

In examining this statute, Lopez was subject to the HSO enhancement because of his two prior unrelated convictions in 2002 and 2005. Both involved convictions for possession of cocaine and Lopez admitted to those allegations. Tr. p. 180. Both crimes were substance offenses, and the last date on which Lopez was discharged in each offense was within three years of the present offense, which he committed on December 13, 2006. Appellant's App. p. 29-31, 116-18. As a result, the trial court had no choice but to impose at least a three-year enhancement on the HSO Count under Indiana Code section 35-50-2-10(f).

Granted, Lopez and the State originally agreed to impose a two-year HSO enhancement, and the trial court accepted that agreement. Appellant's App. p. 120-22. As our Supreme Court explained in Bennett v. State, 802 N.E.2d 919 (Ind. 2004):

[I]f the court accepts [a plea] agreement, it is strictly bound by its sentencing provision and is precluded from imposing any sentence other than required by the plea agreement. Of course, even if the product of an agreement, a sentence imposed contrary to statutory authority would render a plea agreement void and unenforceable.

12

802 N.E.2d at 921-22.

In addition to the above, we note that when a plea agreement calls for an illegal sentence and the defendant has not claimed that his guilty plea was involuntary, the courts may draw from contract law and sever the illegal penalty from the agreement. Lee v. State, 816 N.E.2d 35, 38-40 (Ind. 2004). A trial court has the power to vacate an illegal sentence and impose a proper one, even if doing so results in an increased sentence after the erroneous sentence has been partially executed and regardless of whether the sentencing error occurred following a trial or a guilty plea. Ennis v. State, 806 N.E.2d 804, 809 (Ind. Ct. App. 2004).

This is precisely what the trial court did here on remand when it imposed the legally-required sentence for Lopez's HSO enhancement under Indiana Code section 35-50-2-10(f). Also, there is little doubt that Lopez desired an entire reconsideration of his sentence. PCR Ex. 2. As discussed above, Lopez presented testimony and other evidence in support of his contention that he had been rehabilitated. Id. Lopez urged the trial court to impose a lesser sentence than the one he received after his trial. Lopez's agreement that the trial court was required to impose a three-year HSO enhancement—with the understanding that he should receive the least enhancement possible—was a logical part of the strategy that was used. Hence, to the extent that any error occurred on resentencing, it was one that Lopez invited, and he may not take advantage of it. See Wright v. State, 828 N.E.2d 904, 907 (Ind. 2005) (observing that the doctrine of invited

13

error precludes a party from taking advantage of an error that he or she commits, invites, or which is the natural consequence of her own neglect or misconduct). As a result, Lopez's claim that the trial court erred in resentencing him on the HSO count fails. We therefore conclude that the post-conviction court properly denied Lopez's request for relief.

The judgment of the post-conviction court is affirmed.

ROBB, C.J., and BRADFORD, J., concur.